**Supreme Court**
No. 2019-402-C.A.
(P1/06-506B)

|  |  |
|---|---|
| State | : |
| v. | : |
| Victor Tavares. | : |

## O R D E R

This case came before the Supreme Court on April 1, 2021, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The defendant, Victor Tavares, appeals *pro se* from a Superior Court judgment of conviction adjudicating him as a probation violator. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that the appeal may be decided at this time. For the reasons set forth herein, we affirm the judgment of the Superior Court.

In February 2006, a Providence County grand jury returned an indictment in the present case charging defendant with two counts of first-degree robbery and two counts of conspiracy. On August 2, 2007, defendant entered a plea of nolo contendere to one count of first-degree robbery and one count of conspiracy. He

- 1 -

was sentenced to fifteen years at the Adult Correctional Institutions, with three years to serve and twelve years suspended, with probation, on the first-degree-robbery count, and a concurrent term of ten years suspended, with probation, on the conspiracy count. In consideration of defendant's plea, the state dismissed the remaining charges.

The defendant failed to comply with the terms and conditions of his probation. On May 25, 2018, the state filed a violation report in accordance with Rule 32(f) of the Superior Court Rules of Criminal Procedure.[1] The basis of the Rule 32(f) notice was an indictment charging defendant with felony sexual-assault crimes in P1/18-1289A.

A justice of the Superior Court held a violation hearing over the course of seven days during the summer of 2018, on July 9, 10, 17, and 18, and August 1, 2,

---

[1] Rule 32(f) of the Superior Court Rules of Criminal Procedure provides that:

> "The court shall not revoke probation or revoke a suspension of sentence or impose a sentence previously deferred except after a hearing at which the defendant shall be afforded the opportunity to be present and apprised of the grounds on which such action is proposed. The defendant may be admitted to bail pending such hearing. Prior to the hearing the State shall furnish the defendant and the court with a written statement specifying the grounds upon which action is sought under this subdivision. No revocation shall occur unless the State establishes by a fair preponderance of the evidence that the defendant breached a condition of the defendant's probation or deferred sentence or failed to keep the peace or remain on good behavior."

and 3.[2]  The defendant represented himself but had the benefit of standby counsel. At the conclusion of the hearing, the Superior Court justice found that defendant violated his probation based on the credible testimony of the complaining witness, who claimed that defendant and codefendant Franklin Johnson had "forcefully" and "deliberately sexually assaulted" her at a cookout over Memorial Day weekend in 2012.[3]  The trial justice ordered defendant to serve three years and six months of his suspended sentence for the robbery conviction, with the remaining time suspended, with probation.[4]  The defendant timely appealed.

On appeal, defendant seemingly does not challenge the factual findings, credibility determinations, or ultimate conclusion by the trial justice that defendant violated his probation by committing a sexual assault in May 2012.  The defendant instead asks this Court to vacate the adjudication because, he claims, the Superior Court did not have subject-matter jurisdiction over the original indictment. According to defendant, his 2007 plea of nolo contendere to first-degree robbery

---

[2] The violation hearing was consolidated with the violation hearing for Franklin Johnson, who was also allegedly involved in the sexual assault.

[3] For the purposes of this order, a precise recitation of the details of the acts allegedly committed by defendant is not necessary. Although the testimony at the violation hearing was extensive, we do not deem it essential to delve into those details in this case.  The sexual-assault indictment remains pending in the Superior Court (P1/18-1289A).

[4] Apparently, defendant already was serving a five-year term, executed in 2015, for an earlier probation violation stemming from charges of uttering and publishing a forged and stolen check, forgery, and obtaining money under false pretenses.

and conspiracy in the underlying case was invalid because, he submits, he was never presented in the District Court on those charges, and was never held to answer to the Superior Court, nor was a true bill returned against him or filed with the indictment. Likewise, defendant challenges the 2018 sexual assault indictment—the predicate offense for his probation violation—contending that the "indictment was never brought forth pursuant to the Rules of Procedure[,]" and that no complaint, determination of probable cause, or true bill was returned against him. The defendant is mistaken.

It is clear that throughout this case, defendant mounts an attack on the procedural due process surrounding his underlying conviction, as well as the 2018 sexual-assault indictment charged in P1/18-1289A, which served as the basis for the probation violation. However, the proper method for defendant to contest the procedures surrounding his plea in the underlying case is through an application for postconviction relief in that case.[5] The defendant cannot challenge those procedures through an appeal from a probation-violation adjudication.

Although there is no doubt that the issues raised in defendant's appeal belong in an application for postconviction relief, we pause to note that the docket in the present 2006 robbery case indicates that defendant did have an initial

---

[5] It appears that defendant has in fact filed an application for postconviction relief relating to the present case, which has been docketed in the Superior Court as PM 20-8148.

appearance before the District Court, on August 29, 2005. At that time, a District Court criminal complaint was filed against defendant, charging him with felony counts of robbery and conspiracy. Pursuant to Rule 5(c) of the District Court Rules of Criminal Procedure, defendant was "not * * * called upon to plead" at his initial felony appearance, and was held without bail. Thereafter, a grand jury issued a true bill, and an indictment was filed in the Superior Court on February 10, 2006. The defendant was arraigned in Superior Court on March 1, 2006. Therefore, the Superior Court was vested with jurisdiction over the underlying case.

Similarly, none of the defects claimed by defendant surrounding the 2018 sexual-assault indictment have arisen. A grand jury charged defendant with felony sexual-assault crimes on May 21, 2018, in P1/18-1289A. Pursuant to Rule 6(e)(4) of the Superior Court Rules of Criminal Procedure, the indictment was sealed and a warrant was issued for defendant. The next day, the indictment was unsealed, as defendant was already incarcerated at the ACI; there was no need to arrest him. The defendant was promptly arraigned in the Superior Court on May 25, 2018; he entered a plea of not guilty and was remanded to the ACI.

Turning to the probation-violation hearing, although defendant has raised no argument that the trial justice acted arbitrarily and capriciously, we briefly discuss why we discern no error with the trial justice's conclusion. This Court gives great

deference to the findings and credibility determinations of the trial justice in a probation-violation proceeding, and our review "is restricted to considering 'whether the hearing justice acted arbitrarily or capriciously in finding a violation.'" *State v. Gromkiewicz*, 43 A.3d 45, 48 (R.I. 2012) (quoting *State v. Seamans*, 935 A.2d 618, 621 (R.I. 2007)). The trial justice thoroughly reviewed the testimony of the witnesses—including the complaining witness—who testified at the violation hearing. He recognized that "[t]he critical evaluation in this case" was the complaining witness's credibility, and he noted that she was subjected to "spirited, aggressive, and not undue cross-examination[.]" The trial justice noted that the complaining witness was not "a perfect witness[,]" but he found that, based on the evidence that corroborated her version of events, she credibly testified that defendant and Johnson sexually assaulted her.

The hearing turned on witness credibility. The trial justice reviewed the testimony and explained why he found the complaining witness to be credible. The trial justice painstakingly scrutinized the evidence that corroborated the complaining witness's testimony, including, but not limited to, the testimony of the defendant, which testimony put him, Johnson, and the complaining witness in a bedroom together on the night of the cookout. Because the defendant does not appear to contest the Superior Court's credibility findings or otherwise take issue with the fact that the credible testimony was sufficient to support the violation

- 6 -

adjudication, we conclude that the trial justice did not act arbitrarily or capriciously in finding that the defendant violated his probation.

For the reasons set forth in this order, we affirm the judgment of the Superior Court. The record may be returned to the Superior Court.

Entered as an Order of this Court this 27th day of May, 2021.

By Order,

_____/s/_____
Clerk



**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | State v. Victor Tavares. | |
| **Case Number** | No. 2019-402-C.A.<br>(P1/06-506B) | |
| **Date Order Filed** | May 27, 2021 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Luis M. Matos | |
| **Attorney(s) on Appeal** | For State:<br><br>Christopher R. Bush<br>Department of Attorney General | |
| | For Defendant:<br><br>Victor A. Tavares, Pro Se | |